# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form7instructions.pdf

**9th Cir. Case Number(s)** 22-16489

**Case Name** GTE Mobilnet of California Limited Partnership v. City of Carmel-By-The-Sea

**Counsel submitting this form** Best Best & Krieger LLP

**Represented party/parties** Defendant and Appellant City of Carmel-By-The-Sea

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiff and Appellee, GTE Mobilnet/Verizon Wireless ("Plaintiff") submitted an application to Defendant and Appellant, City of Carmel-by-the-Sea ("Defendant") to replace an existing wood utility pole with a new wood pole and a personal wireless services facility ("Application"). The Planning Commission of Defendant denied the Application. Plaintiff appealed this denial to the City Council. The parties tolled the timeline for action (known as a "shot clock") and agreed upon a new deadline of December 17, 2021 ("Shot Clock Deadline"). On December 7, 2021, the City Council held a duly noticed public hearing on the appeal, at which they voted to adopt a resolution of denial that was modified slightly from the draft denial resolution included in the agenda packet for the council meeting. Plaintiff contends that despite Defendant City Council voting to deny the Application, the City failed to take a final action under the Telecommunications Act ("TCA") before the Shot Clock Deadline expired because it did not "issue" a written denial as required by the TCA.

In the action, Plaintiff alleged two claims for relief. First, Plaintiff alleged that Defendant violated 47 U.S.C. § 332(c)(7)(B)(ii) by failing to take final action on the Application before the Shot Clock Deadline because the action was a denial and the denial was not "issued" in writing in compliance with the TCA. Second, Plaintiff alleged that by not taking final action before the Shot Clock Deadline, the Defendant breached an agreement between Plaintiff and Defendant requiring that the Defendant comply with the TCA and various deadlines and procedures. Plaintiff argued the breach of the agreement entitled Plaintiff to have its Application deemed approved plus recovery of its attorneys fees for prevailing on

the lawsuit to enforce the agreement.

Defendant maintains that a final action was taken for TCA purposes twice before the Shot Clock Deadline, once when the City Council voted to approve with minor modifications a draft resolution denying the Application and then posted a video of the meeting in which the denial was adopted, and again when the Mayor signed and issued a finalized resolution which became available to the public upon request. Plaintiff, conversely, alleges that these actions were inadequate to constiute a final action because Defendant did not "deliver" a written decision on the Application to the applicant.

The trial court first converted Defendant's motion to dismiss into a motion for summary judgment, and permitted discovery and depositions, as well as supplemental briefing by the parties. After considering all the undisputed facts and argument, the trial court granted Defendant's converted summary judgment motion dismissing the case in its entirety. Plaintiff appealed this decision and the appeal is currently pending but has not been briefed.

After the motion for summary judgment was granted, Defendant timely moved for recovery of attorneys' fees. The agreement pursuant to which Plaintiff sought recovery contained a provision that allowed a prevailing party to recover attorneys' fees and costs in an action to interpret or enforce its terms. Plaintiff opposed the motion. The Court denied Defendant's motion holding that its grant of the summary judgment motion was decided exclusively under the TCA, and that the Court did not interpret or enforce the agreement. Defendant maintains that the trial court's ruling on the fee motion constitutes reversible error, and that Defendant is entitled to reasonable attorneys' fees and costs. Defendant initiated this appeal by filing a notice of appeal regarding the trial court's order denying Defendant's fee motion.

*Feedback or questions about this form? Email us at* [forms@ca9.uscourts.gov](mailto:forms@ca9.uscourts.gov)

*Briefly describe the result below and the main issues on appeal.*

At a high level, the primary issue in this appeal is whether Defendant is entitled to attorneys' fees and costs pursuant to an agreement between the parties. More specifically, the issues are whether the trial court failed to properly interpret the parties' agreement such that the trial court's grant of the summary judgment motion was necessarily an act to enforce or interpret the parties' agreement and whether the trial court abused its discretion in finding that the Defendant was not entitled to fees and costs under the agreement.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The operative complaint was dismissed pursuant to the trial court's order granting Defendant's summary judgment motion, which has been appealed by Plaintiff. In Plaintiff's appeal of the order granting the summary judgment motion, on September 16, the Court entered an order extending the parties' briefing deadlines.

**Signature** /s/ Gail A. Karish   **Date** October 4, 2022
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Rev. 9/01/22*



**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

SANDRA DAY O'CONNOR U.S. COURTHOUSE
401 W. WASHINGTON STREET, SPC 53
PHOENIX, ARIZONA 85003-2154

CHAMBERS OF
**MARY H. MURGUIA**
CHIEF JUDGE

TEL: 602.322.7580
FAX: 602.322.7589

Dear Counsel,

 I write to introduce you to the court's mediation program. The court offers you and your clients professional mediation services, at no cost, to help resolve disputes quickly and efficiently and to explore the development of more satisfactory results than can be achieved from continued litigation. Each year the mediators facilitate the resolution of hundreds of cases, from the most basic contract and tort actions to the most complex cases involving multiple parties, numerous pieces of litigation and important issues of public policy.

 The eight circuit mediators, all of whom work exclusively for the court, are highly experienced attorneys from a variety of practices; all have extensive training and experience in negotiation, appellate mediation, and Ninth Circuit practice and procedure. Although the mediators are court employees, the court has adopted strict confidentiality rules and practices to ensure that what goes on in mediation stays in mediation. See Circuit Rule 33-1.

 The first step in the mediation process is case selection. To assist the mediators in the case selection process, appellants/petitioners must file a completed Mediation Questionnaire within 7 days of the docketing of the case. See Circuit Rules 3-4, and 15-2. Appellees may also fill out and file a questionnaire. The questionnaire with filing instructions is available [here](). Once the Mediation Questionnaire is submitted, the parties will receive via NDA a link to a separate form that will allow them to submit confidential information directly to the Circuit Mediators. Counsel may also submit confidential information at any time to ca09_mediation@ca9.uscourts.gov.

 In most cases, the mediator will schedule a settlement assessment conference, with counsel only, to determine whether the case is suitable for mediation. Be assured that participation in the mediation program will not slow down disposition of your appeal. Mediation discussions are not limited to the issues on appeal. The discussions can involve other cases and may include individuals who are not parties to the litigation, if doing so enables the parties to reach a global settlement.

 Further information about the mediation program may be found on the court's website: www.ca9.uscourts.gov/mediation/. Please address questions directly to the Mediation Program at 415-355-7900 or ca09_mediation@ca9.uscourts.gov.

Sincerely,

*Mary H. Murguia*

Mary H. Murguia